Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4954 | **DATE** | 2/25/2000 |
| **CASE TITLE** | TY INC vs. ROSIE WELLS ENTERPRISES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter final consent decree resolving this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/25/2000 | |
| JS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>ROSIE WELLS ENTERPRISES, INC.,<br><br>     Defendant. | Civil Action No.: 99 C 4954<br><br>Judge James F. Holderman<br><br>Magistrate Judge Ashman |

DOCKETED

FEB 28 2000

## FINAL CONSENT DECREE

Upon the consent and agreement of Plaintiff, Ty Inc. ("Ty" or "Plaintiff"), and Defendant, Rosie Wells Enterprises, Inc., ("RWE" or "Defendant"), to the entry of a Final Consent Decree, and the Court being fully and sufficiently advised in the premises:

WHEREAS, Plaintiff contends in its Complaint that Defendant has created, produced, manufactured distributed, and/or sold a number of products that violate Ty's rights under the copyright laws, 17 U.S.C. § 101 *et seq.*, constitute trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and constitute unfair competition and deceptive trade practices under state common law (collectively "Accused Products");

WHEREAS, the Accused Products include the publications entitled "*Beanie Digest*," "*The Beanie Gazette*," "*Rosie's Price Guide for Ty's Beanie Babies;*" the products referred to as "The Beanie Box," "Bitzy Beanie Homes," "Bitzy Beanie Carrier," "Bitzy Beanie Zoo," "Bitzy Beanie Barn," and various shirts, stickers, bracelets, and collars that refer or relate to Ty's BEANIE BABIES® plush toys;

AND WHEREAS, the parties desire to finally settle and resolve any and all matters in dispute between them in relation to the above-captioned litigation.

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Court has jurisdiction over the subject matter of this action.  Defendant hereby consents to the personal jurisdiction of this Court, agrees that venue is proper in this District, and waives any objection it may have with regard to personal jurisdiction, venue or service of process.

2.     Ty is the owner of the trademarks set forth in paragraphs 9-11 of the Complaint in this action, and Ty is also the owner of the numerous United States copyright registrations as set forth in paragraph 8 of the Complaint in this action.

3.     Except as provided in Paragraph 4 below, RWE, and its principals, officers, agents, servants, employees, attorneys, and those persons under its control or in active concert or participation with RWE are hereby permanently enjoined from manufacturing, publishing, importing, distributing, displaying, advertising, promoting, selling or offering for sale publications or products that feature Ty's copyrighted property or trademarks, including but not limited to the Accused Products at issue in the above-captioned litigation between the parties. RWE, and its principals, officers, agents, servants, employees, attorneys, and those persons under its control or in active concert or participation with RWE are also hereby permanently enjoined from operating internet web sites that are directed to Ty's BEANIE BABIES plush toys or that use Ty's trademarks or photographs of Ty's copyrighted plush toys.

4.     Within 30 days of the entry of this Final Consent Decree, RWE shall destroy all Accused Products that remain in its possession and/or control, provided, however, that RWE may donate all accused t-shirts that remain in its possession and/or control to a charity that is

2

mutually agreeable to Ty and RWE. Any t-shirts not donated to charity shall be destroyed pursuant to this Paragraph 4. Upon destruction of the Accused Products, pursuant to this Paragraph 4, RWE shall certify in writing, to Ty's undersigned counsel that such destruction has taken place.

5. Contemporaneous with the execution of this Final Consent Decree, RWE shall convey to Welsh & Katz, Ltd., a certified check in the amount of twenty thousand dollars ($20,000.00), made payable to Ty Inc., such sum to be disbursed to Ty upon the entry of this Final Consent Decree.

6. On or before March 31, 2000, RWE shall convey to Welsh & Katz, Ltd., a second certified check in the amount of ten thousand dollars ($10,000.00), made payable to Ty Inc.

7. Except for any matters arising out of a violation of this Final Consent Decree, Ty does hereby release RWE, including any parents, predecessors, subsidiaries, divisions or associated organizations, and also including any of its present or past officers, employees, agents, attorneys, servants, and/or representatives (the "RWE Releasees"), from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted in this action, whether known or unknown, that Ty has or may have against the RWE Releasees arising out of the publication, importation, manufacture, marketing, sale, distribution, advertisement or display of the Accused Products.

8. Except for any matters arising out of a violation of this Final Consent Decree, RWE does hereby release Ty, including any subsidiaries, divisions or associated organizations, and also including any of its present or past officers, employees, agents, attorneys, servants,

and/or representatives (the "Ty Releasees"), from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted in this or any other action, whether known or unknown, that RWE has or may have against the Ty Releasees arising out of the publication, manufacture, marketing, sale, distribution, advertisement or display of the Accused Products.

9.    In any action to enforce this Final Consent Decree or any matter arising out of a violation of this Final Consent Decree, the prevailing party shall recover its costs and attorneys fees, including all costs and fees in connection with the collection of the settlement amount.

10.    This Final Consent Decree shall bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

11.    This Final Consent Decree may be signed in counterparts, and the various counterparts shall be and constitute one instrument for all purposes. For convenience, the several signature pages of the counterparts may be collected and annexed to one document to form a completely executed agreement. Facsimile signatures shall be treated as original signatures.

12.    The Complaint in this action is dismissed with prejudice, with each party to bear its own fees and costs, other than as set forth in Paragraphs 5 and 6 of this Final Consent Decree.

13.    This Final Consent Decree represents the entire understanding between the parties hereto with regard to the matters set forth in this Final Consent Decree. There are no other oral or written representations, warranties, agreements, arrangements or undertakings between the parties that are not fully expressed in this Final Consent Decree. Any amendment or modification to this Final Consent Decree must be made in writing and signed by the parties.

14.     The waiver by one party of any breach of this Final Consent Decree by the other party shall not be deemed a waiver of any other prior or subsequent breach of this Final Consent Decree.

15.     This Court shall retain jurisdiction over the parties to this action for the purpose of enforcing the terms of this Consent Decree.

**APPROVED AS TO FORM:**

*Michael Bondi*

A. Sidney Katz, Esq.
James P. White, Esq.
Laurie A. Haynie, Esq.
Michael A. Bondi, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606

For and on behalf of the Plaintiff, Ty Inc.

**APPROVED AS TO FORM:**

*William T. McGrath*

William T. McGrath, Esq.
DAVIS, MANNIX & McGRATH
125 South Wacker Drive, Suite 1700
Chicago, Illinois 60606

For and on behalf of Rosie Wells Enterprises, Inc.

ENTERED THIS 25 DAY OF FEBRUARY, 2000

*James F. Holderman*

THE HONORABLE JAMES F. HOLDERMAN
UNITED STATES DISTRICT COURT JUDGE